IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER B. OWENS,
Petitioner,

vs. Case No.: 4:17cv448/RH/EMT

WARDEN,
Respondent.
______________________________/

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 1). The matter is referred to the undersigned magistrate judge for recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases. The undersigned further concludes that the pleadings and attachments before the court show that the petition should be dismissed for lack of jurisdiction.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the federal Bureau of Prisons currently confined at the Federal Correctional Institution in Coleman, Florida (ECF No. 1 at 1).[1] Petitioner is challenging a judgment and sentence of the Circuit Court for Leon County, Florida, entered in Case Number 1989-CF-1832, on May 26, 1989 (ECF No. 1 at 1, attached Memorandum). Petitioner was convicted, pursuant to a guilty plea, of sale of cocaine and sentenced to 30 months in prison (ECF No. 1 at 1, attached Memorandum). Petitioner claims his trial counsel rendered ineffective assistance in the following respects: (1) counsel had an actual conflict of interest, because counsel represented both Petitioner and his co-defendant, (2) counsel failed to file a notice of appeal, and (3) counsel failed to object to an error in the calculation of his sentencing scoresheet (ECF No. 1 at 2; attached Memorandum).

Over twelve years after Petitioner was convicted in state court, Petitioner was convicted in this federal district court, Case No. 4:01cr58/MCR, of possession with intent to distribute cocaine and more than 50 grams of cocaine base (*see* ECF No. 1, attached Memorandum). *See* United States v. Owens, Case No. 4:01cr58/MCR, Judgment, ECF No. 39 (N.D. Fla. Mar. 27, 2002). The court sentenced Petitioner to

[1] The page numbers referenced in this Report and Recommendation are to the page numbers automatically assigned by the court's electronic filing system, rather than those reflected in the original documents.

life imprisonment on March 25, 2002. *See id.* Petitioner appealed the judgment to the Eleventh Circuit Court of Appeals, Case No. 02-11716. *See id.*, Notice of Appeal, ECF No. 37 (N.D. Fla. Mar. 25, 2002). The Eleventh Circuit affirmed the judgment on December 5, 2002. *See id.*, Mandate of USCA, ECF No. 63 (N.D. Fla. Jan. 8, 2003).

On or about August 18, 2003, Petitioner filed a motion to vacate sentence, under 28 U.S.C. § 2255, in his federal criminal case. *See* Owens v. United States, 4:01cr58/MCR/AK, Motion to Vacate under 28 U.S.C. § 2255, ECF No. 64 (N.D. Fla. Aug. 18, 2003). Petitioner subsequently supplemented his § 2255 motion. *See id.*, Supplemental Motion, ECF No. 68 (N.D. Fla. Oct. 20, 2003). In the § 2255 motion and supplement, Petitioner challenged the enhancement of his sentence based upon his prior state drug offenses, including the state conviction Petitioner challenges in this § 2254 case. *See id.* The district court denied the § 2255 motion on the merits. *See id.*, Order, ECF No. 77 (N.D. Fla. Sept. 26, 2006). Petitioner appealed the decision to the Eleventh Circuit, Case No. 06-16259. The Eleventh Circuit denied review. *See id.*, Mandate of USCA, ECF No. 95 (N.D. Fla. Apr. 13, 2007).

On or about August 15, 2010, Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2241, in the federal district court where he was then confined, the United

States District Court for the Middle District of Florida, Case No. 5:12cv455/VMC/PRL (*see* ECF No. 1 at 6). *See* Owens v. Warden, FCC Coleman-Medium, Case No. 5:12cv455/VMC/PRL, Petition (M.D. Fla. Aug. 15, 2012). In the § 2241 petition, Petitioner claimed that his federal sentenced was unlawfully enhanced, pursuant to 18 U.S.C. § 3559(c), with three prior state drug convictions, including the Leon County conviction at issue in this § 2254 case. *See id.*

Petitioner filed the instant § 2254 petition on September 29, 2017 (*see* ECF No. 1). Petitioner is currently serving only his federal sentence, but apparently, seeks to challenge his 1989 state conviction because it was used to enhance his current federal sentence.

II. DISCUSSION

Federal district courts have jurisdiction to entertain § 2254 habeas petitions only from petitioners who are "in custody pursuant to the judgment of a State court" 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or law or treaties of the United States") (emphasis added). This "in custody" requirement is jurisdictional. *See* Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 403 (11th Cir. 1988). To satisfy the "in custody" requirement, "the habeas

petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). In Maleng, the Supreme Court held that "a habeas petitioner [is not] 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed." 490 U.S. at 491. A habeas petitioner may, however, satisfy the "in custody" requirement if he is presently serving a sentence that was enhanced by the prior expired conviction. *See* Maleng, 490 U.S. at 493–94; *see also* Lackawanna Cnty. Dist. Attorney v. Coss, 532 U.S. 394, 401–02, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001) (petitioner found to be "in custody" for § 2254 purposes because he challenged an allegedly invalid expired state conviction and sentence that was used to enhance a later state sentence he was currently serving). In other words, if the habeas petitioner is in custody under a sentence that was actually enhanced by the allegedly invalid expired conviction, the § 2254 petition can be construed as asserting a challenge to the present sentence as enhanced by the expired conviction. *See* Lackawanna, *supra*.

Even though a prisoner may be "in custody" under such circumstances, the fact that a prior conviction was used to enhance a present sentence does not entitle the prisoner to challenge the prior conviction. In Daniels v. United States, 532 U.S. 374,

382, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001), the Supreme Court held that if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)," a defendant's challenge to the prior conviction will fail because the presumption of validity that attached to the prior conviction at the time of sentencing is conclusive. The Court held that a defendant generally is not entitled to collaterally attack his prior state conviction through a motion under § 2255 unless he alleges the prior conviction was obtained in violation of the right to counsel announced in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).[2] Daniels, 532 U.S. at 382. The Eleventh Circuit has noted that the Daniels exception is not implicated where a defendant was represented by counsel during the proceedings related to his prior conviction underlying the expired sentence. *See* Hubbard v. Haley, 317 F.3d 1245, 1256 n. 20 (11th Cir. 2003) (Daniels did not apply in capital context where petitioner attempted to expand his § 2254 petition to attack an expired state conviction which

[2] In Gideon, the Supreme Court held that a state court's refusal to appoint trial counsel, upon request, for an indigent defendant accused of a non-capital felony violates due process. 372 U.S. at 343–45.

served as the basis for an aggravating factor for the sentence he was currently serving).

Here, Petitioner's 1989 state sentence had fully expired at the time he initiated this proceeding on September 29, 2017. Indeed, in Petitioner's supplemental § 2255 motion, Petitioner admitted that he was sentenced in state court on May 26, 1989, to 30 months in prison, but was released ten months later, on March 28, 1990. *See* Owens, No. 4:01cr58/MCR, ECF No. 68 at 16 (N.D. Fla. Oct. 20, 2003). Petitioner also admitted that he did not challenge his 1989 conviction in state court, because he was released from custody before he was able to file a collateral challenge. *See id.*

Under Maleng, Petitioner meets the federal habeas "in custody" requirement only if he is deemed to be challenging his current federal sentence that was enhanced by the expired state conviction. *See* Maleng, 490 U.S. at 493–94; Van Zant v. Fla. Parole Comm'n, 104 F.3d 325, 327 (11th Cir. 1997) ("In order to meet the 'in custody' requirement, the petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction, rather than directly challenging the expired conviction."). So deemed, Petitioner's challenge to his federal sentence must be brought as a motion attacking that sentence under 28 U.S.C. § 2255, rather than a petition attacking the expired state conviction under 28 U.S.C. § 2254. *See*

McCarthy v. United States, 320 F.3d 1230, 1231 n. 1 (11th Cir. 2003) ("Because [the petitioner] was attacking expired state convictions from 1988 that were used to enhance his current federal sentence, he had to bring his suit as a challenge under 28 U .S.C. § 2255 rather than 28 U.S.C. § 2254."); Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (holding that prisoner challenging expired state sentence used to enhance his current federal sentence must bring suit under 28 U.S.C. § 2255 rather than § 2254) (citation omitted); Birdsell v. State of Ala., 834 F.2d 920, 922 (11th Cir. 1987) (noting that where a current federal sentence has been improperly enhanced by a prior state conviction, the prisoner's collateral attack must be brought under 28 U.S.C. § 2255 as a challenge to his federal sentence); *see also, e.g.*, Partee v. Att'y Gen., Ga., 451 F. App'x 856, 857 (11th Cir. 2012) (unpublished but recognized as persuasive authority) ("When a federal prisoner seeks to challenge an expired state sentence that was used to enhance his current federal sentence, he must bring suit under § 2255.").

This court should nonetheless decline to construe Petitioner's § 2254 petition as a § 2255 motion, because that would be futile. If construed as a § 2255 motion, the instant pleading would be subject to dismissal as successive. Petitioner previously filed a § 2255 motion, which qualified as a first motion for the purpose of determining

successor status; therefore, Petitioner must obtain authorization from the Eleventh Circuit before a second or successive § 2255 motion is filed. *See* 28 U.S.C. § 2255 (incorporating § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). Absent authorization, this district court lacks jurisdiction to consider a second or successive § 2255 motion.[3] *See* United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citation omitted).

## III. CONCLUSION

Petitioner is not "in custody" under his 1989 Florida conviction for purposes of § 2254 due to the full expiration of that sentence, and Petitioner has not obtained authorization to assert a second § 2255 challenge to his present federal sentence that was actually enhanced by the allegedly invalid prior conviction. Therefore, this court lacks jurisdiction to consider the instant habeas petition.

## IV. CERTIFICATE OF APPEALABILITY

---

[3] Even if Petitioner was authorized to proceed under § 2255, Petitioner would not be entitled to attack his expired state conviction because he admits that he was represented by counsel during the state trial court proceedings related to his prior expired state conviction and sentence, *see* Hubbard, 317 F.3d at 1256 n.20; thus, this is not the case of a Gideon-type violation that permits Petitioner to proceed under the Daniels/Lackawanna exception. *See* Daniels, 532 U.S. at 382; Lackawanna, 532 U.S. at 404; McCarthy, 320 F.3d at 1232–34 (citing Daniels, 532 U.S. at 382).

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 773 (2017) (quoting Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the § 2254 petition (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of November 2017.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**