# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

CHRISTOPHER B. OWENS,

      Petitioner,

v.                            CASE NO.  4:17cv448-RH/EMT

WARDEN,

      Respondent.

_____/

## ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 7, and the objections, ECF No. 8. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack*

*v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893

n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out

the standards applicable to a § 2254 petition on the merits). As the Court said in

*Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that
> reasonable jurists could debate whether (or, for that matter, agree
> that) the petition should have been resolved in a different manner
> or that the issues presented were " 'adequate to deserve
> encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a

certificate of appealability when dismissal is based on procedural grounds, a

petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a

certificate of appealability.

In the objections, the petitioner says a certificate of appealability should be

granted so that the United States Court of Appeals for the Eleventh Circuit may

consider whether to authorize a second or successive motion under 28 U.S.C.

§ 2255. The petitioner has it backwards. Before filing a second or successive 2255

motion, a defendant must obtain authorization from the court of appeals. A defendant need not and indeed cannot properly file a second or successive 2255 motion, lose it, and obtain a certificate of appealability in an attempt to cure the deficiency by appealing the district court's denial of the unauthorized second or successive motion.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on December 13, 2017.

s/Robert L. Hinkle_____
United States District Judge